# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**WEI-PING ZENG,**

    **Plaintiff,**

v.                                                      Case No.: 3:17-cv-03008

**MARSHALL UNIVERSITY,**

    **Defendant.**

## **MEMORANDUM OPINION and ORDER**

The undersigned has received Plaintiff's completed Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1). It appears from the Application that Plaintiff has sufficient funds to pay the $400 filing fee and the costs associated with effecting service on the defendant. However, before the undersigned recommends denial of the Application, Plaintiff shall have **fourteen (14) days** from the date of this Order in which to supplement his Application with additional information to establish his indigent status.

Plaintiff is advised that "[a] litigant is not required to show he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a)." *Smith v. Print Mach., Inc.*, No. CV 3:16-2918-JFA-SVH, 2016 WL 5661852, at *1–2 (D.S.C. Aug. 29, 2016), *report and recommendation adopted,* No. CV 0:16-2918-JFA-SVH, 2016 WL 5468031 (D.S.C. Sept. 29, 2016) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948)). "However, the 'privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who …

would remain without legal remedy if such privilege were not afforded to them.'" *Id. (*quoting *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972)). Thus, a litigant qualifies to proceed without prepayment of fees and costs when he or she submits an affidavit showing that the payment of fees and costs would place an undue hardship on the litigant, would render him or her destitute, or would effectively preclude him or her from proceeding with the action. *Id.* (citing *Carter v. Telectron, Inc.,* 452 F.Supp. 939 (S.D. Tex. 1976)). When determining whether a litigant should be granted leave to proceed *in forma pauperis* (i.e. without prepayment of fees and costs)*,* the court will consider all sources of income available to the litigant, and will compare them to the litigant's reported monthly financial obligations to calculate a monthly cash flow. *Doebler v. Comm'r of Soc. Sec.*, No. 12-CV-11795, 2012 WL 2891246, at *1–2 (E.D. Mich. May 3, 2012), *report and recommendation adopted,* No. 12-11795, 2012 WL 2899331 (E.D. Mich. July 16, 2012). The court will also consider a litigant's assets, such as investments, equity in real property, and automobiles. *Id.*

According to the information currently before the court, Plaintiff's monthly earnings and reported liabilities leave Plaintiff with a net income. Moreover, Plaintiff has significant investments and equity in a home. At the time the Application was filed, Plaintiff had more than sufficient funds in his checking/savings accounts to pay the $400 filing fee. Thus, Plaintiff's indigent status is not corroborated by the information supplied to date. Plaintiff is further notified that if he fails to submit additional information establishing his indigent status within fourteen days, the undersigned will likely recommend denial of the Application. Plaintiff also has the option of withdrawing his Application and simply paying the $400 filing fee. Plaintiff is advised that no action will be taken on his complaint until the Application has been approved, or the filing fee has

been paid.

The Clerk is instructed to provide a copy of this Order to Plaintiff.

**ENTERED:** May 24, 2017

Cheryl A. Eifert
United States Magistrate Judge