**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**WEI-PING ZENG,**

    **Plaintiff,**

v.                                                        Case No.: 3:17-cv-03008

**MARSHALL UNIVERSITY,
DR. JEROME A. GILBERT;
DR. JOSEPH SHAPIRO;
DR. W. ELAINE HARDMAN;
DR. DONALD A. PRIMERANO;
and DR. RICHARD EGLETON,**

    **Defendants.**

**MEMORANDUM OPINION and ORDER
REGARDING DISCOVERY CONFERENCE**

On Tuesday, January 8, 2019, Plaintiff appeared, in person, and Defendants appeared, by counsel, Brian D. Morrison and Eric D. Salyers, for a discovery conference. The following motions were addressed and resolved as set forth below:

1.     Defendants' Motion for [sic] Strike Plaintiff's Expert Witnesses or, in the Alternative, Motion to Extend Deadline for Defendants to Disclose Expert Witnesses. (**ECF No. 109**). Defendants argue that Plaintiff's expert disclosures fail to meet the requirements of Fed. R. Civ. P. 26(a)(2)(C). In particular, Defendants contend that Plaintiff filed an expert witness disclosure in which he listed several individuals identified as "un-retained" experts; however, Plaintiff failed to provide a summary of the facts and opinions about which these experts are expected to testify. Defendants requested supplementation of the disclosure to include specific facts and opinions, but Plaintiff

1

never provided any detailed information. Instead, he simply stated that the experts would testify about "damages to the plaintiff's health and employment opportunities." Defendants assert that under Fed. R. Civ. P. 37(c)(1), they are entitled to an order striking Plaintiff's expert witnesses, as Plaintiff's failure to provide the information required by Rule 26(a)(2)(C) is neither justified nor harmless.

While the undersigned agrees that the disclosures provided by Plaintiff are insufficient, striking the witnesses at this stage of the litigation is unduly harsh; particularly, as there is no set trial date. As such, the inadequacy of Plaintiff's expert disclosures can be rectified without prejudice to Defendants. Given that the preclusion sanction of Rule 37(c)(1) is designed to prevent the ill effects stemming from a late disclosure—for example, surprise at trial, inability to cure the surprise, and disruption of trial—and those ill effects are not at issue here, Defendants motion to strike Plaintiff's expert witnesses is **DENIED**. *See Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596-97 (4th Cir. 2003). Nonetheless, Plaintiff's expert witnesses disclosures are so lacking in detail that Defendants have not been given a reasonable opportunity to identify responsive expert witnesses. Accordingly, Defendants' motion to extend the deadline for disclosing expert witnesses is **GRANTED**. An amended Scheduling Order has been entered contemporaneously with this Order. Plaintiff's Motion for Leave to Submit Surreply to Defendant's Motion to Strike Plaintiff's Expert Witness or Motion to Extend Deadline for Expert Witness Disclosure, (**ECF No. 125**), is **DENIED** for the reasons discussed at the hearing.

2. Defendant Marshall University's ("MU") Motion to Compel Plaintiff's Responses to First Set of Requests for Production of Documents. (**ECF No. 111**). MU argues that Plaintiff has not fully responded to approximately 18 requests for documents

contained in its first set of discovery requests. After considering each request and the arguments of counsel, the motion is **GRANTED**, in part, and **DENIED**, in part. Request No. 1 asks for any documents supporting Plaintiff's claim for special damages. Initially, Plaintiff, who is proceeding *pro se*, objected on the basis that the request was vague. Thereafter, Plaintiff agreed to produce his medical records, and by the time of the hearing, those records were produced. No other documents responsive to the Request appear to be outstanding. The parties had also resolved Request No. 4 prior to the hearing.

Request Nos. 5 and 41 involve documents used and produced in relation to Plaintiff's grievance against MU lodged with the Public Employees Grievance Board. Since the parties should have the same documents from that proceeding, they are **ORDERED** to either meet and go through their documents or exchange lists of the documents they have in their possession to ensure that they both have the same sets of materials.

Request No. 24 is overly broad in that MU asked for **all** communications between Plaintiff and **all** former and current employees of Texas Tech University concerning **any** subject matter and covering the time frame of March 1, 2016 through the present. Accordingly, Plaintiff is **ORDERED** to provide to MU copies of any communication in his possession concerning his employment, job performance, job duties, and termination of employment at Texas Tech University. Plaintiff is not required to collect information from Texas Tech, but if he receives information from that University in response to his subpoena, he shall provide a copy of these documents to Defendant.

MU's motion to compel Request No. 25 is denied in its entirety as it is even broader than Request No. 24, asking for **all** communications between Plaintiff and **all** former and current employees of the University of Rochester regarding any subject and covering

3

the twelve-year time frame of January 1, 2007 through the present. This request is so broad that, to comply with it, Plaintiff would have to dig through his personal and professional documents and produce, among other things, all thank-you notes, birthday cards, holiday greetings, lunch invitations, and joke emails that he had ever received and kept from individuals he last worked with ten years ago. Certainly, this request is not proportional to the needs of the case and, therefore, is beyond the scope of discovery. Fed. R. Civ. P. 26(b)(1).

In Request Nos. 26 and 27, MU asks for job applications provided to prospective employers, as well as communications with prospective employers. Plaintiff indicates that he generally applied for jobs on line. However, Plaintiff concedes that he had a generic set of documents that he submitted to a number of potential employers after he left MU. As this information is relevant to damages and the mitigation of damages, Plaintiff is **ORDERED** to provide MU with one set of the generic documents and a list of the prospective employers to whom the generic documents were sent as part of an employment application.

Request Nos. 32, 33, 34, 35, 36, 49 ask Plaintiff to supply copies of any documents he has in his possession supporting certain claims that he has made in this litigation. Plaintiff objects to the requests as vague and abstract. In his response to MU's motion to compel, Plaintiff expresses concern that MU is trying to trap or limit him in his effort to prove his case. Notwithstanding its motives, MU is entitled to any documents Plaintiff has in his possession that he believes support his claims. Therefore, Plaintiff is **ORDERED** to produce any such documents responsive to Request Nos. 32-36 and 49. Plaintiff is not precluded from supplementing his responses as additional evidence becomes available to him, or as he becomes aware of information currently unknown to him. His only

4

obligation under the Rules of Civil Procedure is to **promptly** disclose that information or evidence. A failure to timely do so may result in an exclusion of the information or evidence. *See* Fed. R. Civ. P. 26(e) and 37(c)(1).

MU requests an updated copy of Plaintiff's curriculum vitae in Request No. 53, and Plaintiff is **ORDERED** to provide a copy of same. However, MU's request for an authorization for the release of employment records in Request No. 54 is **DENIED**. Although MU may be entitled to employment records from Plaintiff's employers, those records can be obtained by subpoena, which MU apparently has already served on the employers.

Plaintiff is **ORDERED** to serve his supplemental responses on MU within **fourteen (14) days** of the date of this Order. As the undersigned explained at the hearing, all supplemental responses shall be made formally, with a certificate of service filed with the Clerk of Court. Plaintiff's Motion for Leave to File a Surreply to Defendant Marshall University's Reply to Plaintiff's Response to Motion to Compel Production of Documents is **DENIED**. (**ECF No. 119**).

3. Defendant Marshall University's Motion to Quash Subpoena Duces Tecum. (**ECF No. 144**). In this Motion, MU asks the Court to quash a subpoena duces tecum that Plaintiff served on MU on December 6, 2018, which requested a number of employment documents related to James Denvir during the years 1998 through 2003, when he worked in MU's Mathematics Department. MU objects to the subpoena on the grounds that it (1) constitutes written discovery filed after the deadline permitted in the Scheduling Order; and (2) seeks information that is irrelevant to the issues in dispute. In response, Plaintiff contends that he did not realize he needed records documenting Dr. Denvir's time in MU's Mathematics Department until after MU sought similar records about Plaintiff from his

prior employer. Since the deadline for written discovery has already passed, Plaintiff argues that he had no choice but to use a subpoena. Plaintiff further claims that MU's motion should be denied, because it did not assert any of the delineated grounds for quashing a subpoena set forth in Fed. R. Civ. P. 45(d)(3)(A).

A majority of jurisdictions has held that a subpoena issued under Fed. R. Civ. P. 45, seeking the pretrial production of documents, constitutes a discovery device. *See Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566–67 (W.D.N.C. 2002) (collecting cases). Consequently, pretrial subpoenas duces tecum are "subject to the same time constraints that apply to all of the other methods of formal discovery." *Marvin Lumber and Cedar Co. v. PPG Indus., Inc.,* 177 F.R.D. 443, 443–44 (D. Minn. 1997). A subpoena duces tecum served on a party is governed by Fed. R. Civ. P. 34—the rule that supplies the procedure by which one party may obtain documents from another party—and is subject to court-imposed deadlines for the completion of Rule 34 requests. *Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 385-86 (D.S.C. 2016). As the District Court explained in *Layman*:

> The leading treatises agree that although Rule 45 may apply to both parties and nonparties, resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party. If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness. Although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45.

*Layman,* 314 F.R.D. at 385 (internal citations omitted). In this case, the Court imposed a deadline of November 16, 2018 for the service of all written discovery. That time frame provided Plaintiff with more than ample opportunity to request documents from MU.

Indeed, Plaintiff made full use of his time, serving MU with five sets of requests for the production of documents, totaling over 122 separate requests. Plaintiff did not serve the subpoena until December 6, 2018, nearly three weeks after expiration of the deadline. Therefore, the documents requested in the subpoena were not timely sought, and MU's motion is **GRANTED**.

Plaintiff's suggestion that the deadline should be waived, because he was unaware that he needed the documents until MU asked for similar documents about him is unavailing. First, as MU points out, Plaintiff knew prior to expiration of the deadline for written discovery that Dr. Denvir had been employed in MU's Mathematics Department. Accordingly, Plaintiff could have requested those records in a timely manner if he wanted them. Second, he is not entitled to receive discovery on a tit-for-tat basis. Simply because MU's counsel requests information about him does not mean that Plaintiff is entitled to similar information about other third parties. Each party is responsible for developing its own case. Finally, Plaintiff's apparent belief at the hearing that he is being unfairly prejudiced by not being permitted to collect Dr. Denvir's old records from the Mathematics Department is misplaced. The relevance of these records is questionable at best; particularly, as Dr. Denvir is not a party to this civil action. Moreover, the relevance of Plaintiff's old records from another institution is likewise questionable. Certainly, this Court has made no rulings related to the admissibility of that type of evidence. Therefore, Plaintiff's perceived prejudice provides no justification for allowing him to circumvent the Scheduling Order.

At the conclusion of the hearing, the parties were advised that a follow-up discovery conference would be scheduled when the remaining discovery motions were fully briefed.

The Clerk is instructed to provide a copy of this Order to Plaintiff and counsel of record.

ENTERED: January 10, 2019

---
Cheryl A. Eifert
United States Magistrate Judge