# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**WEI-PING ZENG,**

    **Plaintiff,**

v.                                          Case No.: 3:17-cv-03008

**MARSHALL UNIVERSITY,**
**DR. JEROME A. GILBERT;**
**DR. JOSEPH SHAPIRO;**
**DR. W. ELAINE HARDMAN;**
**DR. DONALD A. PRIMERANO;**
**and DR. RICHARD EGLETON,**

    **Defendants.**

## MEMORANDUM OPINION and ORDER
## REGARDING DISCOVERY CONFERENCE

On Friday, February 22, 2019, Plaintiff appeared, in person, and Defendants appeared, by counsel, Brian D. Morrison and Eric D. Salyers, for a discovery conference. The following motions were addressed and resolved as set forth below:

1. Plaintiff's Motion and Modified Motion to Compel Defendants to Produce Documents Requested by Plaintiff under Fed. R. Civ. P. 34. (ECF Nos. 157, 159). Defendants filed a response in opposition to the Motions, and Plaintiff filed a reply memorandum. (ECF No. 180, 184). Plaintiff's motions cover five sets of requests for production of documents served on Defendants between July 31, 2018 and November 16, 2018. Defendants object to the timeliness of Plaintiff's motions as they apply to the first four sets of documents requests, arguing that the motions were not filed within the thirty days required by the Local Rules of this district. Plaintiff contends that the motions are

1

timely, because they were filed within thirty days after Defendants provided supplemental responses to some of the requests in the first four sets. In addition, Plaintiff argues that he should be granted an extension of the thirty-day deadline, because he was working with Defendants to resolve some of the discovery disputes.

Local Rule of Civil Procedure 37.1(c) is clear that motions to compel not filed within 30 days after the discovery response **is due** are waived. The deadline may be extended by court order for good cause shown, or by stipulation. In this case, however, the parties did not stipulate to extend the deadline, and Plaintiff did not seek a court order extending it. Plaintiff did not file his first Motion to Compel until January 4, 2019, which was after the thirty days had expired for the first four motions. Therefore, the motions are untimely in those instances. However, Plaintiff is granted **fourteen (14) days** to submit a list to the Court of the documents most critical to his case, which he feels have been requested, but not produced, and the Court will decide whether good cause exists for their production.

In regard to Plaintiff's fifth request for production of documents, Plaintiff's Motions to Compel, (**ECF Nos. 157, 159**) are **GRANTED**, in part, and **DENIED**, in part. Defendant Marshall University ("MU") shall produce to Plaintiff the following documents on or before **March 8, 2019**:

> a. The 2012 step 1 medical license test scores for second year medical students, which formed the basis of the email that notified faculty of the favorable testing results.
>
> b. A listing of the faculty members in MU's Department of Biochemistry and Microbiology during the year of 2015, and if available, a listing of the members' tenure status.
>
> c. The publication list attached to the tenure application of all faculty members in MU's Departments of Biochemistry and Microbiology, Pharmacology, and Anatomy that applied for tenure between the years of 2009 and 2016.

d. As to grant applications prepared by Drs. Koc, Denvir, and Egleton and any related grant award notices, Defendant MU indicated that it had already produced what was available to MU as attachments to tenure applications. Defendant shall supply to Plaintiff any additional applications/awards of the three above-named faculty to the extent they are in the custody or control of MU.

e. The last known contact information of the former dean of MU's Medical School and the former Interim President of MU.

2. Marshall University's Motion to Quash Subpoena Duces Tecum to Employee Stephen Hensley. (ECF No. 162). Plaintiff filed a response in opposition to the Motion. (ECF No. 176). MU asks the Court to quash a subpoena served on Stephen Hensley, a former employee of MU, who served as the Level I examiner in Plaintiff's grievance proceeding arising from his contract termination. Plaintiff alleges that Mr. Hensley was biased due to his relationship with MU; therefore, Plaintiff was deprived of procedural due process in the grievance proceeding. Plaintiff seeks to have Mr. Hensley produce a conflict of interest statement pertaining to Mr. Hensley and his spouse, and their relatives to the third degree of consanguinity, including their spouses. MU objects on the basis that the subpoena is meant to harass Mr. Hensley, is not timely served, requires the disclosure of privileged information, places an undue burden on him, and does not allow enough time to respond.

MU's Motion, (**ECF No. 162**), is **GRANTED**, in part, and **DENIED**, in part. Mr. Hensley is not required to provide the information requested in the subpoena duces tecum. However, within **fourteen days** of the date of this Order, Mr. Hensley, through counsel for MU, shall provide Plaintiff with a conflict statement listing any past or present employment or formal business relationship between Mr. Hensley, his spouse, and/or any of their children and MU, as well as any MU committee or board membership of Mr. Hensley and his immediate family. The years of any such affiliation should be provided.

No other information is necessary at this time.

3. Plaintiff's Motion for Leave to Increase the Number of Depositions. (ECF No. 165). Defendant MU filed a response in opposition to the Motion, (ECF No. 179), and Plaintiff filed a reply memorandum. (ECF No. 183). Plaintiff asks the Court for leave under Fed. R. Civ. P. 30(a)(2)(A)(i) to take 35 discovery depositions and further requests that the Court prohibit the witnesses from demanding prohibitory deposition fees. Plaintiff argues that in order to properly prepare his case, he needs to depose each member of every committee involved in evaluating his tenure application, as well as the associate dean of the medical school, five nonparty witnesses, and other MU employees. Plaintiff contends that, given the large number of committee members, the ten-deposition limit allowed by Rule 30 is simply insufficient for the needs of the case. As to the witness fees, Plaintiff indicates that some of the physician witnesses have demanded as much as $1500 per hour to appear for deposition.

In response, MU asserts that it has agreed to increase the deposition limit to fifteen, which should be more than adequate for Plaintiff to discover his case. MU adds that Plaintiff has not yet taken a single deposition; therefore, it is premature for him to seek leave for additional depositions. Moreover, he has not demonstrated a need to depose more than fifteen witnesses. Finally, MU argues that the Court should not rule on the issue of witness fees, as the witnesses were not notified of the hearing or given a chance to state their positions. MU points out that most of the witnesses are busy physicians who will be required to take time away from their practices to attend the depositions.

Plaintiff's Motion for Leave to Increase the Number of Depositions, (**ECF No. 165**), is **GRANTED**, in part, and **DENIED**, in part. Plaintiff's request to exceed the

4

agreed upon fifteen depositions is denied as premature. "A court generally will not grant leave to increase the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A)." *Small v. City of Wilmington*, No. 7:17-CV-00071-FL, 2018 WL 6068057, at *2 (E.D.N.C. Nov. 19, 2018) (citing *Smith v. Ardew Wood Prod., Ltd.*, No. C07-5641 FDB, 2008 WL 4837216, at *1 (W.D. Wash. Nov. 6, 2008). Even then, courts are disinclined to grant leave in the absence of a particularized showing of the need for additional discovery. *Kelly v. Boeing Company*, No. 3:18-CV-659-SI, 2019 WL 281294, at *2 (D. Or. Jan. 22, 2019); *also S. F. Health Plan v. McKesson Corp.*, 264 F.R.D. 20, 21 (D. Mass. 2010) ("[As] the purpose of the limitation in the rule is to force counsel to think long and hard about who they want to depose and to depose only those who are really important, so as to stay within the limit set by the rule.... courts should not freely grant relief from the limits without a showing of need.").

In considering a motion for leave to take more than ten depositions, the court must act consistently with Rule 26(b)(1) and (2). *Small*, 2018 WL 6068057, at *2. Consequently, the court must evaluate whether (i) the discovery sought is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the proposed discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit; (ii) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; and (iii) the party seeking discovery has had ample opportunity by other discovery in the action to obtain the information sought. So far, Plaintiff has not demonstrated any particular need for expanding the number of depositions. He provides no reason for deposing every member

of each committee that considered his tenure application. Undoubtedly, many of the proposed depositions will be cumulative or duplicative. Similarly, Plaintiff makes no showing that these depositions would be proportional to the needs of the case; particularly, when considering the burden and expense involved in scheduling 35 depositions of individuals with professional degrees and busy work days. Plaintiff has made relatively specific allegations against an identified group of individuals at MU whom Plaintiff believes fouled his tenure application on the basis of racial discrimination. Plaintiff should focus his discovery on those individuals and then determine if any additional depositions are necessary. Until he can make a particularized showing of need for more than fifteen depositions, Plaintiff will not be granted the leave he seeks.

As to his motion for a limit on the fees being charged by the witnesses, Plaintiff's Motion is granted. Non-party witnesses, who are served with a subpoena to testify at deposition in a federal proceeding, are entitled to a daily witness fee. 28 U.S.C. § 1821. That statutory fee is currently $40 per day for each day's attendance and a travel allowance equal to the mileage allowance prescribed for employees of the Federal Government. *Id.* When a non-party witness is specially employed or retained to provide expert testimony, then the witness is entitled to "a reasonable fee for time spent" in the deposition. Fed. R. Civ. P. 26(b)(4)(E). The rule allowing a reasonable fee is not a "physician" or "professional" rule; rather, it is a rule that applies to expert witnesses.

In some cases, physicians who are not specially retained or employed to provide expert opinions nonetheless have been paid an "expert witness" fee. *See In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2325, 2017 WL 1090029, at *2 (S.D.W. Va. Mar. 21, 2017). As was indicated in *In re Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.,* when treating physicians are deposed for the purpose of providing their

medical observations and opinions about the condition, diagnosis, and prognosis of a patient, some courts have held that these physicians are entitled to "reasonable compensation" for their deposition time, rather than simply the statutory witness fee. *Id.* However, this view is not universally held and certainly does not apply to physicians deposed as fact witnesses and not as treating health care providers, or retained expert witnesses. In each case, the difference depends upon the subject matter of the testimony. *Turner v. Delta Airlines*, Inc., No. 06-1010, 2008 WL 222559 (E.D.N.Y. January 25, 2008). The *Turner* Court explained:

> The provision in Rule 26(b)(4)(C) for reasonable compensation for experts is not automatically triggered whenever a witness who may also be an expert in his or her field is asked to testify. Rather, it is the substance of a witness's testimony that determines whether the witness is entitled to an expert fee. If the treating physician's testimony is limited to pure observation, an explanation of the facts involving his investigation reports or treatment notes, then the witness may properly be characterized as a fact witness and receive nothing more than the statutory witness fee. Alternatively, if a treating physician is asked to render opinion testimony based on the physician's specialized skill and knowledge that falls within Federal Rule of Evidence 702, the treating physician may be entitled to an expert fee. However, if the witness testifies only to the opinions formed in providing plaintiff's medical care, such opinions are considered an explanation of treatment notes and the physician may properly be characterized as a fact witness.

*Turner*, 2008 WL 222559, *1 (internal citations and quotations omitted).

The witnesses in this case, some of whom are physicians and some of whom are scientists and other professionals, are not being deposed to provide opinions within their specialized skill and knowledge. They are not being offered as treating physicians, or to render opinions within Fed. R. Evid. 702. Instead, they are being questioned regarding their involvement in the tenure application submitted by Plaintiff and their observations and recollections of the process. As such, they are fact witness, entitled to no more than the statutory witness fee. As the witnesses have no basis in law to request a fee greater

7

than that allowed by 28 U.S.C. § 1821, the undersigned does not find their absence at the hearing to merit a delay in ruling on the motion. Plaintiff should tender the witness fee and estimated mileage at the time he serves the witnesses with their subpoenas to appear for deposition.

4. Marshall University's Motion for Protective Order, (ECF No. 190), and Plaintiff's Motion to Extend Deadline for Interrogatory and Admission and to Clarify the Conditions for Serving Subpoena *Duces Tecum*. (ECF No. 195). As these motions are related, the undersigned considers them together. MU asks for a protective order to prohibit Plaintiff from serving interrogatories beyond the November 2018 deadline for serving written discovery. In response, Plaintiff files a motion seeking an extension of the deadline. As good cause for an extension, Plaintiff asserts that he did not understand the term "written discovery" to include interrogatories and requests for admissions. Plaintiff argues that the extension is necessary to "level the playing field" given that the defendants served him with interrogatories and requests for admissions, and he has not served reciprocal discovery upon the defendants.

In considering these motions, the undersigned has listened to the recording of the scheduling conference conducted in this case on June 15, 2018 to ensure that Plaintiff was given an explanation of the term "written discovery," as is the custom and practice at initial scheduling conferences. (ECF No. 69). The recording confirmed that Plaintiff did indeed receive a thorough explanation of which discovery devices constitute written discovery. The undersigned clearly told Plaintiff, more than once, that he could serve interrogatories, requests for the production of documents, and requests for admissions between July 9, 2018 and November 16, 2018. Plaintiff was also told that he should not delay serving the discovery until November, but should do so early so that any motions to

compel could be resolved before the discovery deadline. Plaintiff was given a Federal Civil Judicial Procedures and Rules book and was permitted to ask questions. The recording reflects that Plaintiff asked ten detailed questions, based on specific discovery rules, and each question was thoroughly answered for him. Counsel for the defendants likewise explained to Plaintiff that he had a four-month window in which to serve his interrogatories, requests for admissions, and requests for production of documents. Examples were provided to Plaintiff regarding questions he might want to ask. The discussion regarding discovery was comprehensive and the deadlines were well explained. Accordingly, Plaintiff has not demonstrated good cause for an extension.

Of note, when imposing the scheduling order, the undersigned asked both sides to provide their position on deadlines. Defendant asked for six months to complete all discovery. Plaintiff opposed that request, arguing that it was too much time. In the end, the parties were given a full four months to serve written discovery and an additional two and half months to complete all discovery. Discovery did not begin until July 9, 2018, more than three weeks after the scheduling conference, to allow all of the newly added defendants to enter an appearance. Plaintiff was urged to begin preparing his interrogatories and requests in the three-week interim, so that they would be ready to serve on July 9, 2018.

This case has been pending for nearly two years. Plaintiff was given ample time to serve interrogatories and requests for admissions. The fact that he chose not to do so, or delayed doing so to his detriment, is not a good reason for extending the deadline. Considering that Plaintiff had the opportunity to gather substantial information during his three-level grievance process and extensive document collection in the instant action, and he intends to conduct numerous depositions herein, he is hard-pressed to show

prejudice if precluded from serving interrogatories at this juncture in the case. On the other hand, the defendants have been litigating the issues surrounding Plaintiff's contract termination in one forum or another since 2016. They are entitled to see light at the end of the tunnel. A further delay of the proceedings to accommodate for Plaintiff's procrastination would be both unfair and unjustified. Therefore, Defendants' Motion for Protective Order is **GRANTED**, (**ECF No. 190**), and Plaintiff's Motion to Extend Deadline is **DENIED**, (**ECF No. 195**).

    The Clerk is instructed to provide a copy of this Order to Plaintiff and counsel of record.

**ENTERED:** February 26, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge