IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WEI-PING ZENG,

      Plaintiff,

v.                                   CIVIL ACTION NO. 3:17-3008

MARSHALL UNIVERSITY,
DR. JEROME A. GILBERT;
DR. JOSEPH SHAPIRO;
DR. W. ELAINE HARDMAN;
DR. DONALD A. PRIMERANO;
and DR. RICHARD EGLETON,

      Defendants.

**MEMORANDUM OPINION ORDER**

Pending before this Court are Defendants' four motions to dismiss Plaintiff's second amended complaint: (1) Defendant Marshall University's ("MU") Motion to Dismiss Second Amended Complaint (ECF No. 66); (2) Defendant Dr. Jerome A. Gilbert's Motion to Dismiss Second Amended Complaint (ECF No. 73); (3) Defendants Dr. W. Elaine Hardman's and Dr. Richard Egleton's Motion to Dismiss Second Amended Complaint (ECF No. 75); and (4) Defendants Dr. Joseph Shapiro's and Dr. Donald Primerano's Motion to Dismiss Second Amended Complaint (ECF No. 77).

Also pending before this Court are various motions related to briefing the issues addressed in the above motions to dismiss: (1) Plaintiff's Motion for Leave to File Surreply to Defendant MU's Motion to Dismiss (ECF No. 80); (2) Defendant MU's Motion to Strike (ECF No. 82); (3) Plaintiff's Motion for Leave to File a Surreply to Defendants' Motions to Dismiss the Second Amended Complaint (ECF No. 92); (4) Plaintiff's Modified Motion for Leave to File a Surreply

to Defendants' Motions to Dismiss the Second Amended Complaint (ECF No. 94); and (5) Plaintiff's Modified Motion for Leave to File a Surreply to Defendants' Motions to Dismiss the Second Amended Complaint (ECF No. 95).

Pursuant to an Order issued on May 23, 2017, this action was referred to United States Magistrate Judge Cheryl A. Eifert for proposed findings of fact and recommendation for disposition. ECF No. 3. On February 5, 2019, the Magistrate Judge submitted proposed findings and recommended that this Court grant, in part, and deny, in part, the pending motions from Plaintiff and Defendants. *Proposed Findings and Recommendation*, ECF No. 188, at 47–48. Plaintiff now objects to the findings and recommendation. *Objections*, ECF No 204. For the reasons below, the Court adopts, in part, the proposed findings and recommendations of Magistrate Judge Eifert, and requests new proposed findings and recommendations on narrow issues explained below.

## I. BACKGROUND

The entire factual background of this case is discussed in detail in previous orders,[1] and the few specific facts that are relevant to this order will be outlined as necessary in the sections below.

## II. STANDARD OF REVIEW

### A. Magistrate Judge's Findings

This Court must "make a *de novo* determination of those portions of the ... [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see e.g.*, *Berry v. Colvin*, No. 14-9859, 2015 WL 1506128, at *1 (S.D. W. Va. Mar. 31, 2015).

---

[1] *See Order*, ECF No. 49, at 2–8.

**B. Motion to Dismiss**

Defendant MU files its motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, while the other Defendants rely upon Rule 12(b)(6). *See* ECF Nos. 66, 73, 75, 77.

*1. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction*

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can follow two tracks. Under the first track, a party asserts a "factual attack," claiming that the jurisdictional allegations made in the complaint are inaccurate. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Under the second track, a party asserts a "facial attack," claiming that the jurisdictional facts contained within the complaint, taken as true, fail to support a court's subject matter jurisdiction over the action. *See id.*; *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986). When considering a "facial attack," a court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns*, 585 F.3d at 192 (internal quotation marks and citation omitted). Defendant MU has asserted a facial attack, and therefore the Court will proceed under the Rule 12(b)(6) procedural framework.

*2. 12(b)(6) Motion to Dismiss for Failure to State a Claim*

Federal Rule 8(a) requires a complaint to include "a short and plain statement of the claim . . . showing entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2). To overcome a motion to dismiss under Federal Rule 12(b)(6), a complaint must also be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations and citations omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).

Accepting the factual allegations in the complaint as true—even when doubtful—the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotations and citations omitted). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted). Finally, a court must also "draw[ ] all reasonable factual inferences from those facts [alleged] in the plaintiff's favor . . . ." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (internal quotations omitted) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal citations omitted)).

## III. DISCUSSION

Plaintiff makes the following objections to the Magistrate Judge's proposed findings of fact and recommendation: (1) Counts 5 and 10 of Plaintiff's second amended complaint should not be dismissed; (2) Count 7 of Plaintiff's second amended complaint should not be dismissed; (3) Plaintiff has not failed to state a plausible claim of a due process violation based upon a liberty interest; (4) Count 11 of Plaintiff's second amended complaint against MU should not be dismissed; (5) Defendants' motions to dismiss claims previously granted by this Court, particularly

the claims in Count 5, 6, and 7, should be denied on the basis of estoppel; and (6) the Magistrate Judge is incorrect in finding that, in regard to claims for prospective relief, Plaintiff has not included allegations in the second amended complaint identifying any particular defendant as an official responsible for enforcing an unconstitutional policy. *See Objections*, at 2–19. The Court will address each objection in turn.

**A. Motions to Dismiss Counts 5 and 10**

In Count 5 of his second amended complaint, Plaintiff asserts that Defendants Shapiro and Primerano violated 42 U.S.C. § 1985 and the West Virginia Human Rights Act by conspiring to breach a contract with Plaintiff and retaliate against him for opposing unlawful discrimination. *Compl.*, ECF No. 55, at 39–40. Relatedly, in Count 10, Plaintiff asserts that Defendant Gilbert violated 42 U.S.C. § 1986 by neglecting to prevent Defendants Primerano's and Shapiro's alleged conspiracy. *Id.* at 45. The Magistrate Judge recommended that this Court grant Defendants Shapiro's and Primerano's motion to dismiss Plaintiff's conspiracy claim in Count 5 because the claim is "precluded by the intracorporate conspiracy doctrine …." *See Proposed Findings and Recommendation*, at 44. Additionally, the Magistrate Judge recommended that this Court grant Defendant Gilbert's motion to dismiss Plaintiff's neglect claim in Count 10, as the failure to allege a conspiracy claim in Count 5 is fatal to the claim of neglecting to *prevent* a conspiracy in Count 10. *See id.* at 25–31. Plaintiff now objects to these findings by the Magistrate Judge. *Objections*, at 2–9. The Court agrees with Plaintiff and finds that his conspiracy claim in Count 5 is not precluded by the intracorporate conspiracy doctrine.

The intracorporate conspiracy doctrine holds that "acts of corporate agents are acts of the corporation itself, and corporate employees cannot conspire with each other or with

the corporation." *ePlus Tech., Inc. v. Aboud,* 313 F.3d 166, 179 (4th Cir. 2002). The doctrine applies to public entities, as well as private corporations and public government entities. *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). However, the intracorporate conspiracy doctrine has two exceptions. The exception relevant to this case states that "a plaintiff may [nonetheless] state a conspiracy claim [against a corporate agent] where the agent's acts were not authorized by the corporation." *Painter's Mill Grille, LLC v. Brown,* 716 F.3d 342, 353 (4th Cir. 2013). Agents' acts are "not authorized by the corporation" when it can be inferred that the agents violated specific policies that the corporation follows. *See Hodgin v. Jefferson*, 447 F. Supp. 804, 807 (D. Md. 1978) (holding that the defendant's actions are unauthorized by the employer when, "reading the complaint liberally, it appears [the] plaintiff has charged that [the defendant] ignored the stated policies" of the employer).

In this case, Plaintiff alleges that "Defendants Marshall University, Primerano and Shapiro prematurely terminated the plaintiff's employment and without offering a 1-year terminal contract," in violation of the West Virginia Higher Education Policy Commission Rules, which the corporation follows. *See Compl.*, at 10, 45. As a result of this allegation, Plaintiff has sufficiently alleged that Defendants Primerano's and Shapiro's acts were "not authorized" by his employer, as their alleged acts violated that West Virginia Higher Education Policy Commission Rules, which Defendant MU follows. Therefore, it is improper to grant Defendants Shapiro's and Primerano's motion to dismiss Plaintiff's conspiracy claim in Count 5, or Defendant Gilbert's motion to dismiss Plaintiff's neglect claim in Count 10, based solely upon the intracorporate conspiracy doctrine.

**B. Motion to Dismiss Count 7**

In Count 6 of his second amended complaint, Plaintiff asserts that Defendants MU, Primerano, and Shapiro violated various federal and/or state statutes by retaliating against him—via his termination—because he filed a grievance and charges of Title VII violations with the West Virginia Public Employees Grievance Board and Equal Employment Opportunity Commission. *Compl.*, at 40–41. Additionally, in Count 7, Plaintiff asserts that Defendants MU, Primerano, and Shapiro violated various federal and state statutes by breaching the employment contract between Plaintiff and the School of Medicine when they prematurely terminated Plaintiff's employment. *Id.* at 41–42. The Magistrate Judge recommended that this Court grant Defendants Shapiro's and Primerano's motion to dismiss Plaintiff's breach of contract claim set forth in Count 7, finding that it was an unnecessary duplication of the retaliation claim set against them in Count 6. *Proposed Findings and Recommendation*, at 45. Plaintiff now objects to this conclusion. *Objections*, at 9. The Court denies Plaintiff's objection.

Plaintiff first objects to the Magistrate Judge's finding that Plaintiff's "employment was cut eight months short," arguing that his employment was actually "cut 12 or 19 months short." *Objections*, at 9. This finding of fact is irrelevant, as it has no bearing on the legal issues presented before this Court. Therefore, the Court finds this objection moot.

Plaintiff next objects to the Magistrate Judge's conclusion that Counts 6 and 7 are duplicative. *Objections*, at 12. In support, Plaintiff asserts that "the legal grounds and factual evidence are different," and "the breach of contract claim is simply based on the fact that *the defendants [Primerano and Shapiro] prematurely terminated the plaintiff's employment regardless of whether or not the plaintiff opposed the tenure denial.*" *Id.* at 12 (emphasis added). While this a proper explanation of the difference between the two counts, the issue with this

argument is that, as the Magistrate Judge identified, Defendants Primerano and Shaprio "could not have breached the contract … because the contract was between MU and Plaintiff." *Proposed Findings and Recommendation*, at 45. In response, Plaintiff argues that "the contractual relationship is irrelevant" because "the defendants were sued for violating the plaintiff's civil human right," and "not for the plaintiff's contractual right under any contract law." *Objections*, at 13. From these arguments, it appears Plaintiff is assuming that because he is not suing under common law breach of contract, but rather a federal statute, a contractual relationship need not be established. This is, of course, erroneous. For example, to establish that a defendant violated 42 U.S.C. § 1981 by *terminating* a contract, the *power* to terminate the contract—and thus a contractual relationship—must still be established. To the extent that Plaintiff is arguing that Defendants merely *interfered* with a contractual relationship, the Court notes that no such claim is stated in Count 7 of the complaint, but nonetheless finds that Plaintiff's retaliation claim in Count 6 may encompass an allegation of interference. Therefore, this Court denies Plaintiff's objections, and grants Defendants Shapiro's and Primerano's motion to dismiss Plaintiff's breach of contract claim set forth in Count 7.

**C. Due Process: Question of Liberty Interest**

In Count 11 of his second amended complaint, Plaintiff asserts that Defendants MU, Primerano, Shapiro, and Gilbert violated his Fourteenth Amendment right to due process. *Compl.*, at 45–46. While the Magistrate Judge found that Plaintiff sufficiently alleged a due process violation based upon a *property* interest, she found that Plaintiff failed to sufficiently allege that a *liberty* interest was at stake. *See Proposed Findings and Recommendation*, at 34. Plaintiff now objects, and argues that he has stated sufficient facts which demonstrate that a liberty interest was implicated. *See Objections*, at 14. The Court disagrees.

Under some circumstances, the discharge of a government employee may implicate the employee's liberty interests. *See Board of Regents v. Roth,* 408 U.S. 564, 572–73 (1976). One such circumstance is when the government employee is deprived of his "'freedom to take advantage of other employment opportunities.'" *See Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 645 (4th Cir. 2007) (quoting *Roth*, 408 U.S. at 573). Thus, a "'liberty interest is implicated by public announcement of *reasons* for an employee's discharge.'" *See id.* at 645–46 (emphasis added) (quoting *Johnson v. Morris,* 903 F.2d 996, 999 (4th Cir. 1990)). "To state this type of liberty interest claim under the Due Process Clause, a plaintiff must allege that the *charges* against him: (1) placed a stigma on his reputation; (2) were made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false." *Sciolino*, 480 F.3d at 646 (emphasis added).

Plaintiff attempts to argue that the firing itself—given the way the academic profession operates—has harmed his reputation or his ability to find additional employment. *See Objections*, at 14–18. However, these facts are irrelevant, as the key focus under *Sciolino* is not merely what harm results from the discharge, but what harm results from the publicly stated *reasons* for the discharge. *See Roth*, 408 U.S. at 573 (holding that the "State, in declining to rehire the [employee], did not make any *charge* against him that might seriously damage his standing and associations in his community," *such as* an accusation that "he had been guilty of dishonesty, or immorality."). Put simply, Plaintiff has not stated anywhere in his complaint that Defendant MU made any announcement, either in private or public, about the reason for his discharge or lack of employment, and thus he certainly cannot also allege that any announcement was false, as required

by *Sciolino*.[2] Therefore, the Court rejects Plaintiff's objection to the Magistrate Judge's finding that Plaintiff failed to sufficiently plead a liberty interest.

**D. Motion to Dismiss Count 11**

As stated above, in Count 11 of his second amended complaint, Plaintiff asserts that Defendants MU, Primerano, Shapiro, and Gilbert violated his Fourteenth Amendment right to due process. *Compl.*, at 45–46. The Magistrate Judge recommended that this Court grant Defendant MU's motion to dismiss Count 11, as it is entitled to sovereign immunity. *Proposed Findings and Recommendation*, at 17. Plaintiff now objects and argues that Defendant MU's sovereign immunity is waived because Plaintiff only seeks prospective relief, which is allowed pursuant to *Ex parte Young*. *Objections*, at 18–19. Plaintiff's point is irrelevant, as Defendant MU is not a state "official."

Sovereign immunity under the Eleventh Amendment protects the State, as well as its agencies, divisions, departments, and officials. *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 78 (1989). Thus, an officer of a State acting in his or her official capacity is entitled to sovereign immunity from claims for *money* damages. *See id.* at 70. However, under what is called the *Ex parte Young* exception, a defendant may nonetheless be sued in his official capacity for "prospective, injunctive relief … to prevent ongoing violations of federal law." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (citing *Ex Parte Young,* 209 U.S. 123, 159–60 (1908)).

---

[2] Plaintiff attempts to argue that Defendant MU stated false reasons for *how* his employment ended, suggesting that he quit, or that he was never actually employed by Defendant MU. *See Objections*, at 15–17. These accusations are not stated in Plaintiff's complaint, and thus do not help Plaintiff survive a motion to dismiss. Additionally, the Court is skeptical that these facts could be considered the type of "reasons" contemplated by *Sciolino* or *Roth*. *See Cannon v. Vill. of Bald Head Island*, 891 F.3d 489, 503 (4th Cir. 2018) (holding that the *Sciolino* test is met when the employer's stated reasons for termination were employees' "harassment," "sexual harassment," and "detrimental personal conduct.").

Importantly though, the *Ex parte Young* doctrine that provides an exception to state sovereign immunity only applies to "state officials," which is not Defendant MU. *See Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248–49 (4th Cir. 2012) (holding that the "prospective injunctive relief" exception to sovereign immunity does not apply to "Prince George's County Public Schools" because that Defendant is not an "official[] of the State of Maryland."). Thus, while seeking reinstatement may qualify as prospective injunctive relief,[3] Defendant MU is nonetheless still immune from suit because it is not an "official," as required by *Ex parte Young*. Therefore, Defendant MU's motion to dismiss Count 11 is granted.

**E. Estoppel**

Plaintiff next argues that "defendants' motion to dismiss claims previously [denied] by the court, particularly those in Count 5, 6, and 7, should be denied on the basis of estoppel." *Objections*, at 19. Plaintiff asserts that these motions were "previously [denied] by the court" when this Court accepted the Magistrate Judge's Proposed Findings and Recommendation regarding *Plaintiff's* Motion to Amend Complaint and Motion to Change Venue. *See Objections*, at 19; ECF Nos. 51, 54. For obvious reasons, it is erroneous to suggest that Defendants' motions to dismiss should be estopped merely because this Court previously heard related arguments when disposing of *Plaintiff's* motions. Thus, this Court denies Plaintiff's objection on the basis of estoppel.

**F. Exception to Sovereign Immunity**

Finally, Plaintiff objects[4] to the Magistrate Judge's finding that "[i]n regard to claims for prospective relief [against the individual defendants in their official capacities], Plaintiff has not

---

[3] *See Bland v. Roberts*, 730 F.3d 368, 394 (4th Cir. 2013) (holding that, while the state official was "entitled to Eleventh Amendment immunity against those claims to the extent they seek monetary relief against him in his official capacity, [the official] is not entitled to Eleventh Amendment immunity … on [the plaintiff's] claims to the extent the remedy sought is *reinstatement*.") (emphasis added).

[4] While Plaintiff states that he only "needs more clarification," the Court will treat this as an objection in order to preserve his argument. *Objections*, at 19.

included allegations in the second amended complaint identifying any particular defendant as an official responsible for enforcing an unconstitutional policy; therefore, Plaintiff has yet to state a claim against any of the individual defendants that would fall within an exception to sovereign immunity." *Objections*, at 19; *Proposed Findings and Recommendation*, at 48. The Court agrees with Plaintiff.

As stated above, request for reinstatement falls within the prospective injunctive relief exception of *Ex parte Young*.[5] Therefore, if Plaintiff requests the prospective injunctive relief of reinstatement against an individual Defendant, such Defendant will not have a defense of sovereign immunity. In his complaint, Plaintiff states in his "Pray[er] for Relief[]" section, that one of the forms of relief he is seeking against *all* Defendants is, essentially, a reinstatement. *Compl.*, at 46–47. Thus, the Court disagrees with the Magistrate Judge's finding that "Plaintiff has yet to state a claim against any of the individual defendants that would fall within an exception to sovereign immunity."

## IV. CONCLUSION

Based upon the analysis provided above, the Court holds as follows:

1. Regarding Defendant MU's Motion to Dismiss (ECF No. 66), the Court **FULLY ADOPTS** the proposed findings and recommendations of Magistrate Judge Eifert, and **GRANTS**, in part, and **DENIES**, in part, the motion. The Motion is granted as to the claims in Counts 1, 2, 3, 6, 7, 8, and 9, which are asserted under the WVHRA, and as to the claims asserted in Count 11, and that all of these claims be **DISMISSED**, with prejudice, on the basis of sovereign immunity.

---

[5] *See also Coakley v. Welch*, 877 F.2d 304, 305–07 (4th Cir. 1989) (holding that, pursuant to *Ex parte Young*, the various individual defendants were not entitled to sovereign immunity when the plaintiff requested the "injunctive remedy of reinstatement."); *Nelson v. University of Texas at Dallas*, 535 F.3d 318, 323 (5th Cir. 2008) (holding that the administrative head of a university should not have his motion to dismiss granted on grounds of sovereign immunity because the plaintiff's "request for reinstatement is sufficient to bring a case within the *Ex parte Young* exception to Eleventh Amendment immunity, as it is a claim for prospective relief designed to end a *continuing* violation of federal law.") (emphasis added).

The Motion be denied as to the claims asserted in Counts 1, 2, 3, 6, 7, 8, and 9 under Title VII, and those claims be permitted to proceed for further discovery.

2. Regarding Defendant Gilbert's Motion to Dismiss (ECF No. 73), the Court **PARTIALLY ADOPTS** the proposed findings and recommendations of Magistrate Judge Eifert, and **GRANTS**, in part, and **DENIES**, in part, the motion. The Motion is granted as to the liberty interest claim in Count 11, and that claim be dismissed, with prejudice. The Motion be denied as to Counts 1, 3, and as to the property interest claim of Count 11, and those claims be permitted to proceed for further discovery. The Court requests new proposed findings of fact and recommendations regarding the following issue: whether this Court should grant or deny Defendant Gilbert's motion to dismiss Plaintiff's neglect claim in Count 10 for reasons other than the intracorporate conspiracy doctrine.

3. Regarding Defendants Hardman's and Egleton's Motion to Dismiss (ECF No. 75), the Court **FULLY ADOPTS** the proposed findings and recommendations of Magistrate Judge Eifert, and **DENIES** the motion. Plaintiff is permitted to conduct discovery on his claims against these defendants asserted in Counts 1, 2, and 3.

4. Regarding Defendants Shapiro's and Primerano's Motion to Dismiss (ECF No. 77), the Court **PARTIALLY ADOPTS** the proposed findings and recommendations of Magistrate Judge Eifert, and **GRANTS**, in part, and **DENIES**, in part, the motion. The Motion be granted as to Counts 7, and 9, and those Counts be dismissed, with prejudice. The Motion be granted as to the liberty interest claim in Count 11, and that claim be dismissed, with prejudice. The Motion be denied as to the discrimination claims asserted in Counts 1, 2, 3, 4, and 8; the retaliation claim in Count 6; and the property interest claim in Count 11, and those claims be permitted to proceed for further discovery. However, the Court requests new proposed findings of fact and

recommendations regarding the following issue: whether this Court should grant or deny Defendants Shapiro's and Primerano's motion to dismiss Plaintiff's conspiracy claim in Count 5 for reasons other than the intracorporate conspiracy doctrine.

5. The Court **ADOPTS** the Magistrate Judge's finding that all claims for money damages against the individual defendants in their official capacities be dismissed, with prejudice, on the ground of sovereign immunity. However, the Court requests new proposed findings of fact and recommendations regarding the following issue: whether, in light of the Court's holding in this order, Plaintiff's claims for prospective relief against the individual defendants in their official capacities should nonetheless be dismissed.

6. Regarding the motions related to briefing the issues addressed in the dispositive motions, the Court **FULLY ADOPTS** the proposed findings and recommendations of Magistrate Judge Eifert, **GRANTS** ECF No. 82, and **DENIES** ECF Nos. 80, 92, 94, and 95.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:       March 26, 2019

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE