# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

WEI-PING ZENG,

    **Plaintiff,**

v.                                            Case No.: 3:17-cv-03008

MARSHALL UNIVERSITY;
DR. JEROME A. GILBERT;
DR. JOSEPH SHAPIRO;
DR. W. ELAINE HARDMAN;
DR. DONALD A. PRIMERANO;
and DR. RICHARD EGLETON,

    **Defendants.**

## ORDER

On Wednesday, June 5, 2019, the undersigned conducted a status conference in the above-styled case. Present were Dr. Wei-Ping Zeng, in person and *pro se*; Defendants, by counsel, Brian D. Morrison, Esquire and Eric D. Salyers, Esquire, of Oxley Rich Sammons; Valley Health Systems, a non-party, by counsel, Sarah A. Walling of Jenkins Fenstermaker; and Texas Tech University Health Center at El Paso, a non-party, by counsel, Rola Daaboul of the Office of the Attorney General of the State of Texas and Gordon Lee Mowen, II, of Thomas Combs and Spann. For the reasons explained at the conference, the Court **ORDERED** as follows:

1. Plaintiff's Motion to Strike Response in Opposition, (ECF No. 219), is **DENIED**;

2. Plaintiff's Motion for Sanctions on Stephen Hensley, (ECF No. 255), is **DENIED**;

3. Plaintiff's Motion to Compel Compliance with Subpoena Duces Tecum directed to Texas Tech University Health Science Center at El Paso ("Texas Tech"), (ECF No. 257), is **DENIED**. Plaintiff served Texas Tech with a number of document requests in this civil action via subpoena. In the meantime, Plaintiff filed an EEOC complaint against Texas Tech and subsequently initiated a lawsuit against the facility in Texas. In an effort to respond to Plaintiff's document requests in this case, Texas Tech obtained opinions from the Office of the Attorney General of the State of Texas regarding what documents could be provided to Plaintiff and what documents should be withheld. Based on the Attorney General's opinions, Texas Tech produced certain documents. Currently at issue are three sets of documents requested by Plaintiff. Texas Tech has agreed to provide the documents, as outlined by the Attorney General, but requires Plaintiff to pay the expenses associated with the productions. The fees for the three productions are $5,045.60, $44,863.00, and $121.50. (ECF No. 258-1 at 17-22). Plaintiff argues that these fees are too high and are not based on verified costs to Texas Tech. Without any support for his position, Plaintiff contends that Texas Tech can collect and produce the data he has requested with negligible effort. The undersigned has reviewed the submissions of Texas Tech and finds that it has explained and supported the claimed expenses. Therefore, if Plaintiff wants the information in this litigation, he will have to pay the amounts quoted by Texas Tech. *See Terry v. Richland Sch. Dist. Two*, No. CV 3:15-3670-JFA-PJG, 2016 WL 687521, at *1-2 (D.S.C. Feb. 19, 2016). Plaintiff's reliance on *Hurtado v. United States,* 410 U.S. 578 (1973) is not persuasive, because *Hurtado* involved compensation to incarcerated

material witnesses in a criminal proceeding, not the obligation of a non-party to incur significant expenses responding to discovery in a civil action;

4. Motion of Texas Tech for Leave to File a Surreply, (ECF No. 260), is **GRANTED**;

5. Amended Motion of Texas Tech for Leave to File a Surreply, (ECF No. 261), is **GRANTED**; and

6. Motions of Plaintiff to Strike Amended Motion to File a Surreply, (ECF Nos. 262, 263), are **DENIED**.

The Clerk is directed to provide a copy of this Order to Plaintiff, counsel of record, counsel for the non-parties, and any unrepresented individual.

**ENTERED:** June 10, 2019

Cheryl A. Eifert
United States Magistrate Judge