IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**WEI-PING ZENG,**

    **Plaintiff,**

v.                                                                        Case No.: 3:17-cv-03008

**MARSHALL UNIVERSITY, et al.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's Motion to Compel Billie Catlett to Comply with Subpoena *Duces Tecum*. (ECF No. 266). Judge Catlett, a non-party to this litigation, has filed a response to the Motion. (ECF No. 282). For the reasons that follow, the Motion to Compel is **DENIED**. Furthermore, Plaintiff is **ORDERED** to stop serving subpoenas on Judge Catlett and others seeking employment, financial, business, and educational information related to Judge Catlett and her relatives.

Judge Catlett is the chief administrative law judge of the West Virginia Public Employees Grievance Board ("WVPEGB"). (ECF No. 282 at 1). As part of her duties, Judge Catlett presided over Plaintiff's grievance challenging the decision of Marshall University to deny him tenure and terminate his employment. Judge Catlett held a five-day hearing and wrote a 69-page decision, denying Plaintiff relief. (*Id.*) Plaintiff appealed Judge Catlett's decision to the Circuit Court of Kanawha County, West Virginia, which denied Plaintiff's appeal.

1

For the sole reason that Judge Catlett ruled against him, and without any apparent basis in fact, Plaintiff suspected that Judge Catlett might have a bias in favor of Marshall University. Therefore, he supplied Judge Catlett with an affidavit that she was to complete, providing information regarding her relationship with Marshall University. (ECF No. 267 at 2). Plaintiff also asked Judge Catlett to provide information regarding her relatives' relationships with Marshall University. Plaintiff defined "relatives" as including third degree relatives and their spouses. (ECF No. 282 at 2). Judge Catlett advised Plaintiff that neither she, nor her relatives, had significant contacts with Marshall University, and she declined to complete and sign the affidavit. (ECF No. 267 at 2).

Unsatisfied with this response, Plaintiff proceeded to serve multiple subpoenas on Judge Catlett, as well as on the WVPEGB, seeking the same personal information regarding Judge Catlett and her relatives. (ECF No. 282 at 2). Ultimately, counsel for Judge Catlett contacted Plaintiff, again emphasizing Judge Catlett's response that neither she, nor her family members, had any significant connection to Marshall University. Counsel also confirmed for the record that Judge Catlett had no contacts that would disqualify her from participating in a proceeding involving Marshall University. (*Id.* at 5). Counsel pointed out that Plaintiff's subpoenas were defective in certain respects, but despite that failure, Judge Catlett had given Plaintiff all of the information to which he was entitled. (*Id.* at 6). Still unsatisfied with the responses and representations, Plaintiff filed the instant motion to compel.

Administrative law judges ("ALJ"), like Judge Catlett, are presumed to be unbiased. *Schweiker v. McClure,* 456 U.S. 188, 195 (1982). "Indeed, administrative law judges are entitled to the same presumption of honesty and integrity as are judges, so

2

any allegation of bias must begin from the presumption that the ALJ is unbiased." *Warren v. Colvin,* No. 4:14-cv-02517-JMC, 2015 WL 5673118, at * 2 (D.S.C. Sept. 25, 2015) (citations and markings omitted). "Accordingly, a plaintiff alleging ALJ bias bears a 'heavy burden' of proof." *Id.* (quoting *Simpson v. Macon County, N.C.,* 132 F. Supp.2d 407, 411 (W.D.N.C 2001)). To demonstrate that an ALJ was biased in rendering a decision, the party challenging the ALJ must show an "extrajudicial" source for the alleged bias; that is "the bias proved personal in nature and was not merely the result of the ALJ's participation in the decisional process." *Suarez v. Berryhill*, No. 3:18CV128 (REP), 2019 WL 959606, at *21 (E.D. Va. Jan. 28, 2019), *report and recommendation adopted,* No. 3:18CV128, 2019 WL 943389 (E.D. Va. Feb. 26, 2019) (citing *Bowens v. North Carolina Dep't of Human Resources,* 710 F.2d 1015, 1020 (4th Cir. 1983)).

Here, Plaintiff started with Judge Catlett's decision, which reportedly found no wrongdoing on the part of Marshall University in its treatment of Plaintiff, and from that decision extrapolated that Judge Catlett must have been biased in favor of Marshall University. Plaintiff's unsupported suspicion provides a wholly insufficient basis upon which to conduct discovery of Judge Bartlett's personal information; particularly, in *this* civil action, which does not directly involve the state grievance process. Judge Bartlett is required by West Virginia law to disqualify herself if she has a bias or prejudice concerning a party, or a financial interest in the outcome of a grievance. *See* W. Va. ADC § 158-13-4.3.d. Plaintiff has not provided any reason to believe that Judge Catlett violated a duty to disqualify herself. Therefore, Plaintiff may not conduct further discovery on the financial, educational, employment, or business associations of Judge Bartlett and her family at this time.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and to Robert Paulson, General Counsel, West Virginia Department of Administration.

**ENTERED:** July 2, 2019

Cheryl A. Eifert
United States Magistrate Judge