# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**WEI-PING ZENG,**

    **Plaintiff,**

v.                                                      **Case No.: 3:17-cv-03008**

**MARSHALL UNIVERSITY,
DR. JEROME A. GILBERT;
DR. JOSEPH SHAPIRO;
DR. W. ELAINE HARDMAN;
DR. DONALD A. PRIMERANO;
and DR. RICHARD EGLETON,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is the Defendants' Objection to and Motion to Strike Certain Exhibits to Plaintiff's Motion for Summary Judgment. (**ECF No. 358**). For the following reasons, the Court **DENIES** the Motion.

Defendants argue that the transcripts from the Level I and III grievance hearings, which were submitted as exhibits by Plaintiff, should not be considered by the Court in resolving the parties' cross motions for summary judgment. Defendants contend that the transcripts are hearsay and are being improperly used against all of the defendants, although most of them were not parties to the grievance or the grievance hearings. As such, these defendants did not have the opportunity to cross-examine witnesses or participate in the hearings. Defendants claim that their right to due process would be violated by the Court considering and relying upon the transcripts.

1

The Level I grievance hearing was conducted before a hearing examiner hand-selected by Marshall University, and the Level III grievance hearing was conducted before an Administrative Law Judge ("ALJ") appointed by the State of West Virginia. Both proceedings were recorded and transcribed. Marshall University was a party to the grievance proceedings and was represented by counsel throughout all levels of the proceedings. At both hearing levels, witnesses testified under oath and were questioned by Plaintiff and Marshall University. None of the parties in this action dispute the authenticity or accuracy of the transcripts. The transcripts from the grievance hearings were incorporated into the record of the Circuit Court of Kanawha County when Plaintiff appealed the ALJ's decision in favor of Marshall University. Defendants rely on the ALJ's decision and the adoption of that decision by the Circuit Court of Kanawha County, West Virginia, arguing that they are entitled to Full Faith and Credit of the Circuit Court's Order.

Looking first at Defendants' hearsay argument, the undersigned notes that under Fed. R. Evid. 801(d)(2), statements made by a party are not considered hearsay if the statements are offered against the party making the statement, are manifestly adopted by the party, were made by a person authorized by the party to make a statement on the subject, or were made by an agent or employee of the party about a matter within the scope of the relationship and while in the relationship. The parties do not dispute that the witnesses who testified at the grievance hearing were primarily faculty members at Marshall University School of Medicine, who were members of Medical School committees reviewing applications for promotion and tenure, or were in administrative positions with the School of Medicine, and testified about their role in the decision not to recommend Plaintiff's application for tenure. Given the relationship of the witnesses to

2

Marshall University, under Rule 801(d), many of the statements contained in the hearing transcripts are not hearsay and can be offered by Plaintiff against Defendant Marshall University. For that reason, the motion to strike should be denied.

In addition, under Fed. R. Evid. 807, a hearsay statement may be admitted into evidence, even if not admissible under a hearsay exception, if the hearsay statement "is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement" and "is more probative" on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts. F.R.E. 807(a).[1] Here, the accuracy of the transcripts has not been challenged; the witnesses were under oath at the time of their testimony; and the testimony was given in a formal proceeding before an ALJ. Therefore, the statements in the transcripts are supported by sufficient guarantees of trustworthiness. As to their probative value, the statements are clearly probative, as the statements were made by individuals intimately involved in the decisions that are at issue in this lawsuit. While Plaintiff could have deposed all of the witnesses who appeared at the hearings, his resources were limited, making it unreasonable to require Plaintiff to re-depose the witnesses; particularly, as they participated in the grievance process largely on behalf of Marshall University. Forcing Plaintiff to unnecessarily incur such expense would not further the ends of justice. In the absence of deposition testimony from all of these witnesses, the undersigned finds their testimony at the grievance hearings to be more probative than other evidence available to Plaintiff.

---

[1] Rule 807 was amended effective December 1, 2019. The grievance hearing transcripts were filed before December 1, 2019, but they were not considered by the Court until after December 1, 2019. Regardless of which version of Rule 807 is applied, however, the main thrust of the rule is that hearsay may be admitted in certain cases when circumstances surrounding the hearsay sufficiently guarantee its trustworthiness. Certainly, in this case, the proffered transcripts are supported by sufficient guarantees of trustworthiness.

With regard to the individual defendants' argument that they were not parties to the grievance and did not have the opportunity to cross-examine witnesses, the undersigned notes that the defendants have urged this Court to give full faith and credit to the Circuit Court's Order adopting the ALJ's decision. To determine the scope of that Order, this Court necessarily turns to the Circuit Court's record, and the Circuit Court's record includes the grievance proceedings, which were intrinsic to its decision. This Court may properly take judicial notice of state court proceedings; particularly, when such proceedings are "relevant and critical" to the matter at issue. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) (citing *St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir. 1979) ("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue")). Moreover, in the context of a Rule 56 motion, the hearing transcripts do not differ substantially from affidavits, such as those attached by Defendants to their dispositive motions. Similar to Defendants' alleged predicament, Plaintiff is not able to cross-examine witnesses on the substance of their affidavits. Yet, the affidavits may be considered by the Court.

Finally, "at the summary judgment stage, a party need not submit evidence 'in a *form* that would be admissible at trial' as long as its *substance* would be admissible there." *O'Connor v. Williams*, 640 F. App'x 747, 750 (10th Cir. 2016) (quoting *Argo v. Blue Cross & Blue Shield of Kansas, Inc.,* 452 F.3d 1193, 1199 (10th Cir. 2006) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, (1986)) (emphasis added); *see also United States v. Atlas Lederer Co.,* 282 F. Supp. 2d 687, 695 (S.D. Ohio 2001) (holding that a deposition itself would not be admissible at trial, but its content would be admissible through substituted, live testimony, and that the sworn deposition transcript was the functional equivalent of

a Rule 56(c) affidavit); *Ramirez v. Bolster & Jeffries Health Care Grp., LLC*, 277 F. Supp. 3d 889, 898 (W.D. Ky. 2017) (holding that the court may consider inadmissible and unauthenticated hearsay transcripts of an unemployment hearing—which were created by Plaintiff and contained annotations and editorial comments—on the basis that the evidence could "be reduced to a form that would be so admissible."); *Thomas v. Harvey*, 381 F. App'x 542, 547 (6th Cir. 2010) ("District courts routinely consider properly authenticated deposition transcripts, and hearing transcripts of equal reliability should be treated in the same way.") (citing *Alexander v. CareSource,* 576 F.3d 551, 560 (6th Cir. 2009)). As previously stated, the testimony that Plaintiff seeks to offer through the grievance transcripts was under oath and, thus, not dissimilar to a deposition transcript. The testimony was provided by witnesses with knowledge of the key issues in this case, and no one contests the accuracy of the transcripts. The witnesses certainly could be called to testify at a hearing or at trial, and their testimony would be admissible. Therefore, the undersigned finds Defendants' motion to strike the grievance hearing transcripts to be unpersuasive and will consider the transcripts in issuing proposed findings and recommendations.

The Clerk is instructed to provide a copy of this Order to Plaintiff and counsel of record.

**ENTERED**: January 22, 2020

Cheryl A. Eifert
United States Magistrate Judge