IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**WEI-PING ZENG,**

      **Plaintiff,**

v.                                                  Case No.: 3:17-cv-03008

**MARSHALL UNIVERSITY,
DR. JEROME A. GILBERT;
DR. JOSEPH SHAPIRO;
DR. W. ELAINE HARDMAN;
DR. DONALD A. PRIMERANO;
and DR. RICHARD EGLETON,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending is Plaintiff's Motion for Leave to Submit Third Amended Complaint. (ECF No. 288). Defendants have filed Responses in Opposition to Plaintiff's Motion, (ECF Nos. 298, 299, 300, 301), and Plaintiff has filed a reply memorandum. (ECF No. 306). The undersigned has thoroughly considered the issues and finds no need for oral argument. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and has been assigned by standing order to the undersigned United States Magistrate Judge for proposed findings of facts and recommendations ("PF&R") for disposition. For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion be **DENIED**.

### I. Relevant History

Plaintiff initiated this civil action on May 23, 2017, complaining that he was wrongfully denied tenure at Marshall University's School of Medicine and was unlawfully

1

terminated from employment. Plaintiff initially sued only Marshall University. He claimed that his tenure application was denied due to discrimination based on his race and national origin, and when he complained of the discrimination, his position was terminated. (ECF No. 2). On October 27, 2017, while Marshall University's Motion to Dismiss was pending, Plaintiff filed his first motion for leave to amend the complaint. (ECF No. 28). In this motion, Plaintiff sought to join five additional defendants and multiple state and federal causes of action. On April 6, 2018, the undersigned issued a PF&R recommending that Plaintiff be permitted to amend his complaint, at least in part. (ECF No. 51). Before the presiding District Judge could accept or reject the PF&R, Plaintiff filed a second motion for leave to amend the complaint. (ECF No. 52).

In Plaintiff's second motion for leave to amend the complaint, he explained that he had modified his first amended complaint to account for some of the issues raised in the PF&R, and he also wished to add two new causes of action. (ECF No. 53 at 2). On April 27, 2018, the District Judge adopted the PF&R allowing portions of the proposed first amended complaint to be added. (ECF No. 54). On May 7, 2018, the undersigned entered an Order (1) granting Plaintiff's motion for leave to file the second amended complaint, (2) filing the second amended complaint, (ECF No. 55), and (3) allowing the defendants additional time to answer or otherwise respond to the second amended complaint. (ECF No. 58). By this time, the case had been pending for nearly one year.

On June 15, 2018, the undersigned held a status conference and entered a Scheduling Order. (ECF Nos. 69, 70). Intentionally, no additional time was given for amendments to the pleadings, because the parties had already engaged in a lengthy grievance process, which included five days of hearings with witnesses. Moreover, they had performed extensive briefing on the relevant legal issues in support of Defendant's

Motion to Dismiss and Plaintiff's Motions for Leave to Amend; and the complaint had already been amended twice. The parties were allowed six months to conduct discovery. (ECF No. 70).

On January 8, 2019, the undersigned held a final discovery conference and motions hearing to address numerous pending disputes. (ECF No. 166). At this hearing, Plaintiff indicated that he intended to move for leave to amend his complaint for a third time in order to join additional defendants and a new cause of action. By this time, Plaintiff's case had been pending for over nineteen months. On January 11, 2019, Plaintiff filed a Motion to Modify Amended Complaint, which, in reality, was a motion for leave to file a third amended complaint. (ECF No. 173). In the third amended complaint, Plaintiff sought to add four new defendants: Mr. F. Layton Cottrill, Jr.; Mr. Bruce Felder; Ms. Katherine Hetzer; and Ms. Tracey Burriss. (ECF No. 173-1 at 1). Mr. Cottrill was General Counsel for Marshall University. Mr. Felder, Ms. Hetzer, and Ms. Burriss were employed in Marshall University's Human Resources Department. Plaintiff also sought to add two new causes of action, which he lumped together into one count—Count 12. (*Id*. at 48-50). In that count, he asserted a claim of defamation and a claim of tortious interference with prospective employment opportunities against Marshall University and individual defendants Primerano, Shapiro, Felder, Hetzer, and Burriss. (*Id*. at 49-50).

On February 27, 2019, the undersigned filed a PF&R recommending that the Motion to Amend the Complaint be denied for various reasons; including, that Plaintiff failed to state a sufficient factual and legal basis for his defamation and tortious interference claims against Defendants Primerano, Shapiro, Gilbert, and similarly failed to state plausible claims against the newly proposed defendants. (ECF No. 199). Before the presiding District Judge could consider the PF&R, Plaintiff filed another motion to

3

amend his complaint. (ECF No. 288). On August 22, 2019, the District Judge adopted the PF&R and denied Plaintiff's prior motion for leave to amend the complaint. (ECF No. 325).

Accordingly, what remains is Plaintiff's Motion for Leave to Submit Third Amended Complaint, which, in reality, is Plaintiff's attempt to amend his complaint for the fourth time, which was filed more than two years after initiation of the civil action. (ECF No. 288). In the 62-page proposed complaint, Plaintiff seeks to add nineteen new defendants, fifteen of whom are the remaining members of the School of Medicine's two tenure and promotion committees that voted not to recommend Plaintiff for tenure. (ECF No. 288-1 at 4). The other four proposed defendants—F. Layton Cottrill, Jr., Bruce Felder, Katherine Hetzer, and Tracy Burriss—are the same individuals that Plaintiff attempted to add in his last proposed amended complaint. (*Id*. at 4-5). In addition to the proposed defendants, Plaintiff makes modifications to some of his factual assertions; adds the committee members to his discrimination claims; adds the four remaining proposed defendants to his due process claims; realleges the defamation and tortious interference count previously denied; adds two conspiracy claims against the committee members; and adds a "neglect to prevent distortion" claim against Primerano. (*Id*. at 13-58).

## II. Positions of the Parties

Plaintiff argues that he should be permitted to amend the complaint to "conform with new evidence provided by recent depositions." (ECF No. 290 at 1). Plaintiff states that leave to amend should be freely given, unless the amendment is prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. According to Plaintiff, he only recently learned that (1) all of the members of the tenure and promotion committees at the School of Medicine were

4

responsible for the distortion of his credentials; (2) Dr. Egleton presented Plaintiff's tenure application to one of the committees; (3) the committees' evaluations differed from the information contained in the Dean's letter to Marshall University's President; and (4) an attachment to the Dean's letter was prepared by the departmental tenure committee rather than the Medical School's personnel advisory committee. Plaintiff contends that he promptly moved to amend his complaint upon learning these new facts. Plaintiff denies acting in bad faith and claims that an amendment is not prejudicial to the defendants, because they knew all along that Plaintiff had misunderstood their role in the tenure application review process.

Plaintiff further argues that his proposed amended complaint is not futile, because it contains enough facts and legal support to survive a motion to dismiss. Finally, Plaintiff posits that the proposed defendants cannot complain about the delay in joining them, as they were put on constructive notice that they might be sued based on their involvement in reviewing Plaintiff's tenure application and on the existence of the complaint against Marshall University. As such, Plaintiff contends, the claims against the new defendants should relate back to the original complaint.

In response, Defendants point out that Plaintiff's motion for leave to amend was filed well after expiration of the deadline in the scheduling order. Consequently, Plaintiff must initially show good cause to amend the order pursuant to Fed. R. Civ. P. 16(b). (ECF No. 298 at 3; ECF No. 300 at 5-7). Only after Plaintiff clears this hurdle should the Court consider the relevant law under Rule 15. Defendants argue that Plaintiff cannot show good cause, because he has been aware of all of the proposed defendants and their roles in the disputed events since the Level III grievance hearing in early 2017. Defendants assert that Plaintiff's decision not to name the newest group of proposed defendants in the original

5

complaint was Plaintiff's choice and does not constitute good cause. (ECF No. 298 at 4-7). Defendants argue that Plaintiff exhibits the same undue delay in proposed modifications to existing claims and in the new claims he seeks to include in the proposed amended complaint. Defendants add that applicable statutes of limitations preclude the joinder of most of the alleged claims. (ECF No. 299 at 10-11; ECF No. 300 at 4).

In reply, Plaintiff reasserts that he acted promptly upon learning of the "new information," arguing that any delay is attributable to Defendants' failure to cooperate in discovery. (ECF No. 306). He provides additional details regarding his proposed claims and defendants, reiterating that his amendments are not futile.

## III. Standard of Review

Rule 15(a)(2) of the Fed. R. Civ. P. provides that the Court should "freely give leave" to file an amended complaint "when justice so requires." *See Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) ("This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities."). Generally, leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). An amendment is futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC,* 496 F.3d 730, 740 (7th Cir. 2007)). "In determining whether a proposed amendment is futile, a court may consider whether the proposed amendment could withstand a motion to dismiss." *Middlebrooks v. St. Coletta of Greater Wash., Inc.*, No. 1:10CV653, 2010 WL 3522084, at *2 (E.D. Va. Sept. 1, 2010) (citing *Perkins v. United*

*States,* 55. F .3d 910, 917 (4th Cir. 1995) (affirming denial of plaintiff's motion for leave to amend her complaint as futile because "the proposed amendments could not withstand a motion to dismiss."); *also Johnson,* 785 F.2d at 510 (holding that a motion for leave to amend should be denied "when the proposed amendment is clearly insufficient or frivolous on its face."); *Jones v. N.Y. Div. of Military & Naval Affairs,* 166 F.3d 45, 55 (2d Cir. 1999) (finding that amendments subject to "immediate dismissal" for failure to state a claim are "futile" and should not be allowed).

## IV. Discussion

Plaintiff initiated this civil action on May 23, 2017. (ECF No. 2). By April 24, 2018, he had moved to amend the complaint twice. The second amended complaint was officially filed on May 7, 2018. (ECF No. 55). On June 15, 2018, the undersigned held a status conference and entered a Scheduling Order. (ECF No. 70). As previously stated, the parties were not provided with any additional time to amend their pleadings given the unique circumstances of the case. When Plaintiff raised the issue of amending his complaint at the final status conference in January 2019, Plaintiff was advised that an amendment would likely be untimely given the age and status of the case. Plaintiff filed the motion to amend anyway. Notably, in that proposed third amended complaint, Plaintiff did not name fifteen of the defendants, or several of the causes of action, that he seeks to add now in this fourth amendment.

Although no specific deadline was included in the Scheduling Order for amendments to the pleadings, the parties were aware from the undersigned's statements that the time for amendments had passed. Therefore, Defendants are correct that Plaintiff should be required to show good cause under Rule 16 before his motion for leave to amend is considered on the merits.

However, an analysis of whether Plaintiff shows good cause is unnecessary as it is without doubt that allowing Plaintiff to amend his complaint this late in the litigation would substantially prejudice the defendants and proposed defendants. Not only has Plaintiff had more than ample opportunity to name all of the relevant parties and state all of the applicable causes of action, he has substantially litigated the core of his complaint in another forum, and that litigation has reached the last appellate court level. The mere fact that Plaintiff has devised new theories under which to prosecute the same alleged wrongs does not justify allowing a fourth amendment to the complaint. Particularly, as the proposed amendment was not requested until more than two years after the filing of the original complaint and at the tail end of an extended discovery period.

Furthermore, four of the proposed defendants (Cottrill, Felder, Hetzer, and Burriss) and one new count (Count 12) were the subject of a motion to amend the complaint that was previously refused. (ECF No. 325). For that reason, the undersigned **FINDS** that leave to join these four defendants and Count 12 should be denied. With respect to the remaining fifteen proposed defendants and Counts 13 and 15, Plaintiff has been aware of their involvement in the contested tenure decision for years. While he may not have known precisely, to the last detail, what they said, wrote, and did, Plaintiff knew that they were on the committees that recommended against his application for tenure. Consequently, he should have moved to join them in the litigation much earlier.

The final decision denying Plaintiff tenure was made in April 2016. By that time, Plaintiff had initiated an EEOC complaint, asserting that the tenure decision was the result of discrimination. In addition to the complaint, he with a formal grievance to the West Virginia Public Employees Grievance Board in May 2016. At most, the claims against the fifteen proposed defendants have a two year statute of limitations. *See Brown*

8

*v. Belt,* No. 2:15-cv-11549, 2019 WL 1302627 (S.D.W. Va. Mar. 21, 2019) (holding that claims under the West Virginia Human Rights Act have a two year statute of limitations under W. Va. Code § 55-2-12, and Section 1983 claims are also subject to West Virginia's two year limitations period); *also Manion v. North Carolina Medical Board,* 693 F. App'x 178, 182 (4th Cir. 2017) (holding that §§ 1983, 1985 claims "borrow the state's general personal injury limitations period.") (quoting *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999). Therefore, Plaintiff's attempt to join these fifteen defendants more than three years after the tenure decision was made is barred by the statute of limitations.

Plaintiff's contention that the amendment should "relate back" is not persuasive. Even assuming the proposed defendants were aware of Plaintiff's lawsuit against Marshall University and Defendants Gilbert, Shapiro, Primerano, Egleton, and Hardman, that knowledge does not equate to "constructive notice" of ***their*** joinder in the case. Indeed, as these individuals were not added in the first two amendments of the complaint—which occurred well after the tenure decision was made and the grievance hearings had concluded—the newly proposed defendants would have had no reason to believe that Plaintiff ever intended to join them in the suit. Accordingly, the undersigned **FINDS** that these defendants would be greatly prejudiced by being brought into the litigation more than a year after the two year statute of limitations expired.

Lastly, the undersigned **FINDS** that the motion to amend should be denied in its entirety, because it is futile. As explained at length in the PF&R addressing the pending summary judgment motions, Plaintiff fails to establish that the tenure decision was discriminatory, that he suffered retaliation, or that his due process rights were violated. The evidence used to support the summary judgment motions was voluminous and

9

appears to be the same evidence relied upon by Plaintiff to support his proposed amended complaint. Therefore, allowing Plaintiff to pursue the same claims against other members of the tenure review committees, or new claims against the prior defendants, based upon the same inadequate evidence would be contrary to the goals of judicial economy and justice.

### V.  **Proposal and Recommendations**

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's Motion to Modify Amended Complaint and Join Defendants be **DENIED.** (ECF No. 288).

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (for the filing of objections) and three days (if this document was received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, counsel of record, and any unrepresented party.

**FILED:** January 28, 2020

Cheryl A. Eifert
United States Magistrate Judge